UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE RULE 45 SUBPOENA ISSUED TO GOBRANDS, INC. D/B/A GOPUFF | Case No. 2:25-mc-52 |

## NONPARTY GOBRANDS, INC. D/B/A GOPUFF'S MOTION TO QUASH DEFENDANT'S SUBPOENAS

Nonparty Movant GoBrands, Inc. d/b/a GoPuff ("Movant") moves under Rule 45 of the Federal Rules of Civil Procedure to quash the subpoenas issued to it in *Mark Anthony Int'l SRL, et al. v. Prime Hydration LLC*, S.D.N.Y., Case No. 1:24-cv-07620-PAE. The subpoenas are attached as **Exhibit A** and **Exhibit B**. The grounds for Movant's motion are set forth in the accompanying Memorandum of Law and Movant incorporates the Memorandum by reference.

By: *s/Jerry R. DeSiderato*
Jerry R. DeSiderato
**DILWORTH PAXSON LLP**
1650 Market Street, Suite 1200
Philadelphia, PA, 19103
jrd@dilworthlaw.com
Telephone: 215.575.7000
Fax: 215.754.4603
*Counsel for GoBrands, Inc. d/b/a GoPuff*

Dated: September 12, 2025

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE RULE 45 SUBPOENA<br>ISSUED TO GOBRANDS, INC.<br>D/B/A GOPUFF | Case No. 2:25-mc-52 |

**BRIEF IN SUPPORT OF NONPARTY GOBRANDS, INC. D/B/A GOPUFF'S MOTION TO QUASH DEFENDANT'S SUBPOENAS**

Nonparty Movant GoBrands, Inc. d/b/a GoPuff ("Movant"), by and through its undersigned counsel, hereby submits this Brief in Support of its Motion to Quash Defendant's Subpoenas.

## I. INTRODUCTION AND BACKGROUND

This is a trademark and trade dress infringement case involving Plaintiffs/Counterclaim Defendants Mark Anthony International SRL, Mark Anthony Brands International Unlimited Company, and Mas+ Next Generation Beverage Co. (collectively, "Plaintiffs"), and Defendant/Counterclaim Plaintiff Prime Hydration LLC ("Defendant"), currently pending in the United States District Court for the Southern District of New York. *See* Exhibit A at 20, 100. The parties each sell a sports drink, which are the subject of the trademark and trade dress infringement allegations. Specifically, Plaintiff sells a sports hydration drink called Mas+ By Messi while Defendant sells a sports energy drink called Prime. *See id.* at 36.

Movant is an e-commerce and retail company headquartered in Philadelphia, Pennsylvania that offers thousands of everyday products from its own warehouses available for delivery to customers within minutes. On September 4, 2025, Defendant served on Movant two subpoenas, directing Movant to respectively appear for a deposition and produce documents. The place of

#125202204v1

compliance for both subpoenas is Philadelphia, Pennsylvania.[1] Critically, the first subpoena, attached as **Exhibit A**, demands Movant appear for a deposition on September 12, 2025[2], while the second subpoena, attached as **Exhibit B**, requests that Movant produce documents by September 3, 2025. Because Defendant did not provide Movant a reasonable time to comply in accordance with Federal Rule of Civil Procedure 45, the Court must quash the subpoenas.[3]

**II.      LEGAL STANDARD**

Rule 45 of the Federal Rules of Civil Procedure provides that "the court for the district where compliance is required *must* quash or modify a subpoena that . . . fails to allow a reasonable time to comply." Fed. R. Civ. P. 45(d)(3)(a) (emphasis added). "Rule 45 does not define 'reasonable time,' but several courts have concluded fourteen days from the date of service as presumptively reasonable." *Verisign, Inc. v. XYZ.com, LLC*, No. No. 15–mc–175–RGA–MPT, 2015 WL 7960976, at *3 (D. Del. Dec. 4, 2015); *see also In re Rule 45 Subpoena Issued to Cablevision Systems Corp. Regarding IP Address 69.120.35.31*, No. Misc 08–347(ARR)(MDG), 2010 WL 2219343, at *5 (E.D.N.Y. Feb. 5, 2010) (collecting cases).

---

[1] Because the place of compliance for both subpoenas is Philadelphia, Pennsylvania, the Eastern District of Pennsylvania is the court in which Movant must bring the instant Motion. *See* Fed. R. Civ. P. 45(d)(3)("[T]he court for the district where compliance is required must quash or modify a subpoena . . . .")

[2] September 12, 2025 is also the discovery end date in the underlying case pending in the S.D.N.Y. The Court in the underlying case denied Defendant's motion to extend the discovery deadline the day prior, on September 11, 2025.

[3] While Movant only moves in this Motion to quash the subpoenas on the ground that Defendant did not provide it a reasonable time to comply, Movant reserves the right to challenge the scope and substance of the subpoenas at a later time.

#125202204v1

## III.     ARGUMENT

Because Defendant failed to provide Movant a reasonable time to respond to the subpoenas, the subpoenas must be quashed.[4] As noted previously, courts have concluded that fourteen days from the date of service is the threshold for "a reasonable time to comply" under Rule 45. *See Verisign*, 2015 WL 7960976, at *3. But Defendant did not come close to giving Movant fourteen days to respond to the subpoenas. Instead, Movant was given eight days, only six of which were business days, to respond to the first subpoena. And, incredibly, Defendant demanded Movant comply with the second subpoena by September 3, 2025 but did not serve the subpoena on Movant until September 4, 2025. While demanding compliance in only eight days is certainly unreasonable, demanding compliance by a date *prior to the day the subpoena was even served* defies logic. *See Memorial Hospice, Inc. v. Norris*, No. 2:08–CV–048–B–A, 2008 WL 4844758, at *1 (N.D. Miss. Nov. 5, 2008) (finding eight-day period between service of subpoena and time specified for compliance to be unreasonable); *Brown v. Hendler*, No. 09 Civ. 4486(RLE), 2011 WL 321139, at *2 (S.D.N.Y. Jan. 31, 2011) (finding nine-day period to be unreasonable); *United States v. Woods*, 931 F. Supp. 433, 442 n.3 (E.D.Va.1996) (finding seven-day period to be

---

[4] The subpoenas must also be quashed because they create an irreconcilable conflict of interest. The Subpoenas were served on Movant by Defendant's counsel, who also represents Movant in other matters. Although Movant is not currently a party to the instant case, its interests may well be adverse to those of Defendant insofar as these Subpoenas are concerned, meaning it is a conflict of interest for Defendant's counsel to serve a subpoena on and depose Movant on behalf of Defendant. *See In re Cendant Corp. Secs. Litig.*, 124 F. Supp. 2d 235, 242 (D.N.J. 2000) ("[C]onducting third party discovery of one client on behalf of another client, is likely (1) to pit the duty of loyalty to each client against the duty of loyalty to the other; (2) to risk breaching the duty of confidentiality to the client-witness; and (3) present a tension between the lawyer's own pecuniary interest in continued employment by the client-witness and the lawyer's ability to effectively represent the litigation client. The first two of these hazards are likely to present a direct adverseness of interest falling within [American Bar Association Model] Rule 1.7(a); all three may constitute material limitations on the lawyer's representation, so as to come under Rule 1.7(b).") This conflict of interest has not been waived by Movant, nor has counsel for Defendant attempted to resolve this conflict of interest with Movant.

unreasonable); *Verisign*, 2015 WL 7960976, at *3 (finding five-day period to be unreasonable). Accordingly, the Court must quash Defendant's subpoenas.

## IV. CONCLUSION

For the foregoing reasons, Nonparty Movant GoBrands, Inc. d/b/a GoPuff respectfully requests that this Court grant its Motion to Quash Defendant's Subpoenas.

By: *s/Jerry R. DeSiderato*
Jerry R. DeSiderato
**DILWORTH PAXSON LLP**
1650 Market Street, Suite 1200
Philadelphia, PA, 19103
jrd@dilworthlaw.com
Telephone: 215.575.7000
Fax: 215.754.4603
*Counsel for GoBrands, Inc. d/b/a GoPuff*

Dated: September 12, 2025

## **CERTIFICATE OF SERVICE**

I certify that on September 12, 2025, pursuant to the Federal Rules of Civil Procedure, the foregoing was served via electronic mail on the following counsel of record:

Justin A. MacLean
Justin.MacLean@gtlaw.com
Herbert H. Finn
finnh@gtlaw.com
Greenberg Traurig LLP
*Attorneys for Defendant*

David H. Bernstein
dhbernstein@debevoise.com
Timohy Cuffman
tcuffman@debevoise.com
Debevoise & Plimpton LLP
*Attorneys for Plaintiffs*

*s/Jerry R. DeSiderato*

#125202204v1